## Ledford v. Ledford.

June 23, 1939.

W. E. Begley, Judge.

Bert T. Combs and William S. Rice for appellant.
Charles C. Smith for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On April 16, 1925, the parties hereto were married,

in Clay County, Kentucky, which was then the home of both and where they continued to reside for some time thereafter. The husband and appellant, Alfred Ledford, owned a farm in Clay County upon which the parties resided while actually living therein, but it appears that some time following the marriage (it being indefinite so far as the record discloses) they moved from their home to the city of Detroit, Michigan, but it also appears that the move thereto was, most probably, not permanent but only temporary. In the meantime a girl child was born•who—at the time of filing this action in the Clay Circuit Court by plaintiff against his wife, the instant appellee—was of tender age, but the date of her birth is not shown. In the meantime the husband left Detroit with his infant child and resumed his residence in his old home county of Clay, and on November 16, 1937, he filed this divorce action against his wife and proceeded against her by warning order—she having remained in Detroit ·and did not accompany her husband on his return to Clay County.

The petition alleged that plaintiff at the time of the filing of the action, and continuously since the marriage of the couple, as well as before, was a citizen of Clay County and a resident therein, which he averred had continued throughout his life. His grounds of divorce were lewd and lascivious conduct of the defendant, and her abandonment of him. He asked for an absolute divorce and for a judgment giving him custody and control of the infant daughter. In due time after filing that petition plaintiff gave his deposition and took that of other witnesses. He testified to the facts of his residence and citizenship as set out in his petition, and. likewise gave testimony substantiating his two grounds of divorce. After the taking of his proof, plaintiff, on February 2, 1938, moved the court for a submission of the cause, but defendant, through her attorney, objected thereto, and at the same time she filed her special demurrer to the petition "because this court does not have jurisdiction to try this case." It was overruled, to which defendant objected; whereupon defendant filed answer denying the grounds of divorce alleged in the petition, as well as denying the residence of her husband as being in Clay County. She also pleaded that the alleged acts .of unchastity on her part (which she denied) if they occurred at all were condoned by plaintiff following the dates of such alleged conduct, and for

that reason were unavailable to him as a ground for a divorce. A reply put in issue all affirmative allegations in her answer.

Following the filing of those pleadings by the parties to the action the county attorney of Clay County, on April 15, 1938, filed in the cause what he styled "Answer of county attorney and plea to the jurisdiction of the court." In that pleading he denied the material allegations of the petition and charged that both plaintiff and defendant were at the time of the filing of the action citizens and residents of the State of Michigan and lived in the City of Detroit in that state, and which facts as to residency were pleaded in bar of, or abatement of the action. With that pleading—as an exhibit thereto—the county attorney filed a certificate of one Fred W. Castator, City Clerk of the City of Detroit, in which he stated that the records on file in his office showed that one Alfred Ledford voted in some election held in that city on November 2, 1937, but no statement of recorded facts was made or certified to by the alleged clerk of the City of Detroit. Hence the exhibit did not measure up to the requirements of Section 1636 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, prescribing how public records of other states or of the United States should be exemplified or proven in order to be admissible as evidence in actions pending in this state.

Defendant did not testify or introduce any witness in the cause, and the only item of evidence tending to contradict plaintiff's allegation and proof, as to the place of his residence and its continuation for more than one year before filing his petition, was the exhibit filed with the pleading of the county attorney. But it being insufficient to be admitted as evidence under the section of the statute, supra, it may not be considered. Moreover, it is extremely doubtful if the only fact it purported to establish would in itself be sufficient to overcome the positive testimony of plaintiff and his witnesses upon the issue of his residence, since the exhibit does not purport to show what character of election was being held at which the alleged voter cast his ballot, nor that the name "Alfred Ledford" therein was the same Alfred Ledford who is plaintiff in this case. If, however, we should indulge the presumption that the person referred to in the exhibit was and is the plaintiff in this case, then that presumption is more than overcome by plaintiff's proof given in the cause.

Finally, it might also be true that the mere fact of voting on one occasion at an election held in a particular jurisdiction is not conclusive evidence that the one casting the vote is a citizen of that particular jurisdiction and not of any other jurisdiction. After the pleadings were made up as described, the cause was submitted and the court apparently sustained the plea to the jurisdiction of the court and dismissed plaintiff's petition, to reverse which he prosecutes this appeal.

The court in its judgment did not expressly find as a fact that plaintiff at the time of the filing of his action was not a resident of this state or of Clay County, but, under the pleadings, no other finding could have justified the judgment of the court, and we assume that he did so determine the question of jurisdiction. In making that determination we are convinced that the court was in error. As stated, plaintiff in his petition averred the necessary residence in this state to give the Clay Circuit Court jurisdiction of the action, and he proved such allegations by his testimony and, perhaps, that of other witnesses. No legitimate proof was heard in contradiction thereof, and the record discloses no permanent move to another jurisdiction from the place of marriage, and where both plaintiff and defendant were born and reared. In that condition the ruling of the court was wholly without evidence to support it and created an error authorizing a reversal of the judgment. The defendant, as we have stated, took no proof to sustain her defensive pleading, nor did the court pass on the merits of the cause. For that reason we will not attempt to do so on this appeal, with the record in its present condition, but will remand the case for preparation for final submission.

Wherefore, the judgment is reversed, with directions to set it aside and to overrule all pleadings and objections to the jurisdiction of the court, and for further proceedings consistent with this opinion.